Chief Justice        Court of Appeals        Clerk

Josh R. Morriss III      Sixth Appellate District of      Debra K. Autrey

Justices        The State of Texas        Bi-State Justice Building

Bailey C. Moseley        100 North State Line Av. #51

Ralph K. Burgess        Texarkana, Texas 75501

The Court of Appeals
Sixth District

DEC 2 8 2015

Texarkana, Texas
Debra Autrey, Clerk

FILED IN
The Court of Appeals
Sixth District

DEC 2 8 2015

Texarkana, Texas
Debra K. Autrey, Clerk

December 18, 2015

Motion to Amended Briefs of The Defendant
Desmond Juwon Woods, 06-15-00063 CR and 06-15-00068 CR

I, Desmond Juwon Woods, is asking the Court to consider giving me the Right to Amend my brief in order to bring errors to light that my Attorney Ebb B. Mobley refuse to do so at my request. Ineffective Counsel, Prosecutorial Vendictiveness, Equal Protection Clause of Jury not of my peers, Baston v. Kentucky Striking Black off Jury, 6th and 14th Amendment, California v. Florida motion to suppress evidence due to illegal search and Arrest and Hearsay, Confession, charge instruction, denial of Baston Challenge peremptory challenge, etc.

The trial court abused its descretion when it acts in a arbitary or unreasonable manner, or if it acts without reference to any guiding rules or principles. Downer v. Aquamarine Operators, Inc., 701 S.W. 2d 238, 241 242 (Tex. 1985). A trial court clear failure to analyze or apply the law correctly constitutes an abuse of descretion. See Walker v. Packer, 827 S.W. 2d 833, 840 (Tex. 1992) (orig. proceeding); Cayton v. Moore, 224 S.W. 3d. 440 445 (Tex. App-Dallas 2007, no pet.) Morris County Court under its plenary power could've held hearing on, motion for new trial under matters such

(1)

Jury misconduct, and misconduct of the states witness University of Texas v. Morris, 352 SW2d 947, 949 (Tex. 1962) The trial court, reguardless of whether an appeal has been perfected, has plenary power to grant a new trial or vacte modify, correct or reform the judement within thirty days after the jude Judgement is signed. The courts knowledge of the evidence isn't cumulated and the evidence is so material it should've been inadmissible in Court. The court knows the evidence in a New Trial will produce a different result Due to the neglect of a fair trial under The Equal Protection Clause of Jury not of my peers Striking Black off jury 6th and 14th Amendment. I the defendant, feel deeply that the court acted in there plenary power and quickly gave me a court appointed lawyer without me asking Morris County court for a lawyer, but I did ask for a Bond Pending Appeal that was told to me that my lawyer would have to file for Motion of Bond Pending Appeal. Their was many of violated rights of the defendant Baston v. Kentucky, Striking Black off Jury 6th and 14th Amendment, California v. Florida, motion to suppress evidence due to illegal search and arrest and hearsay confession, not recorded during interrogation, that would've clearly proven his innocense. Ineffective Counsel on my trial attorney, error in given charge instruction, denial of Baston Challenge, Peremplary Challenge. Even with these type of critical error my lawyer refused to apply for my Bond Pending Appeal, telling me and my family that I have to pay him or pay a attorney to file for the motion of Bond I, Defendant, feel very strongly that beccause of upon overlooking the evidence ruling at trial that the legal system in Morris County, will violate my rights again thru my attorney Ebb B. Mobley. The record will show that the Defendant, has filed Pro se Motion For Bond or Bail Pending Appeal, which by Texas Penal Code 44.04 any sentence under 10 years of imprisonment is entitled to a Bond. The Defendant

①

is not a threat to his community of Morris County, also it's a non violent offense. There also is a Double Jeopardy issue of fabrication or abstraction of records and the States Defamatory Statement of Libel and Slander of Written and Oral Communication to the Court and Jurors. 44.41 Tex Crim App 2009 Underlying idea of both Double Jeopardy and collateral estoppel is that the state with all it's resources and power should not be allowed to make repeated attempt to convicted an individual for an alleged offense thereby subjecting him to embarressment, expense and ordeal and compelling him to live in a continue state of anxiety, and insecurity as well as ~~enhancy~~ enhancing the possibility that even though innocent he may be found guilty. USCA Const Amend. 5 Exparte Yahba, 101 SW3d 434 (Amendment 4,6,8,

9.  <u>Baston v. Kentucky</u>

It is a violation of my <u>Sixth Amendment</u> right to an impartial jury and The Equal Protection Clause of the 14th Amendment, Preemptory Challenges to remove a potential juror from the jury pool based on <ins>race</ins> ~~race~~ violates, The Equal Protection Clause of 14th Amendment to the Constitution. The Equal Protection Clause guaranties to the Defendant that the State will not exclude member of his race from the jury venire on account of race or on the false assumption that members of his race as a group, not qualified to serve a jurors. Justice Thrugood Marshall argued with the decision in the case, but asserted that the Court should ~~etimite~~ eliminate the use of Preemptory Challenges in all criminal proceeding so that they could not be used as a front for impermissible racial consideration. Justice Marshall asserted that under the current system prosecutors are still free to ~~discrim~~ discriminate so long as it is not blatant, and trial courts face a difficult burden of assessing a prosector motive.

The rule of <u>Hester v. United States</u>, supra that we affirm today, maybe understood as providing that an individual may not legitimately demand

privacy for activities conducted out doors in fields, except in the areas immediately surrounding the home. The investigating officer took pictures of object immediately surrounding my house without probable cause on the date of Dec. 24, 2012 and the Affidavit submitted for Probable Cause Determination was filed on 12-26-12 at 15:15pm. So at the time I enter the MCSO at 1:00pm I wasn't charged with any crime until 15:15 p.m. Why was pictures taken on 12-24-12 the probable cause affidavit was submitted on 12-26-12 and the statement on the probable cause states: That Woods met me at the ~~PPI~~ ~~MCSO~~ MISO were he took me in to custody. Why because I came up to the MISO to talk to the police officers. He lied about the so called statement, saying that the Defendant knew who did the crime and took the copper to the scrap yard.

Crawford v. Washington, 2004

Violation of my Sixth Amendment Right by Hearsay by the investigating officers Hershal Stroman, and Robin Allen, Alice Bullock, Statement violated the Confrontation Clause. Her Statement "Robin Allen" said that the Defendant or someone was seen on Dec 19, 2012 at the northeast side of the chicken house. Under Ohio v. Roberts, 448 US 56., does not bar ~~the~~ admission of unavailable witness's statement against a criminal defendant if the statement bears, "adequate indicia of reliability" a test met when the evidence either falls within a firmly rooted hearsay exception" or bears "~~par~~ particularized guarentees of trust worthiness. The Defendant feels that she is involved and sent the authorities his's direction. Robin Allen had been living there for several years, yet somehow they can't find her, which my lawyer Jerry Pratt Jr. stated. I asked my attorney Pratt, why is Ms. Allen statement being used against me, if she can't be cross-examined. Mr. Pratt answered was that she wasn't able to be found. The DA Steve Cowan even used Robin Allen statement in his closing arguement, I felt like her statement was used to try to place me in the chicken house or the time in which it happen Robin Allen and Alice Bullock were working for six days before they called

(4)

the MCSD "Police". Why? There are several cases of treason dated from the 16th and 17th centuries. One of important is 1603 trial of Sir Walter Raleigh and Ted Mozley's Case, 6 How. St. Tr. 769, 770-771 (H.L. 1666) In general the hearsay rule is motivated by belief that hearsay of Officer Hershal Stroman and Alice Bullock. They stated that a trail of insulation was on the way to the Defendant house that was used by the DA Steven Conan thru out the trial, however in reality they never had sufficient evidence proving the trail even existed. No class of evidence is free of the possibility of fabrication, but the likely hood is less with non verbal than with assertive verbal conduct. Motivation the nature of the State witness conduct, and presence or absence of reliance will bear heavily upon the weight to be given the evidence. Falknor, "The Hearsay Rule" as a "See-Do Rule": Evidence of Conduct, 33 Rocky Mt. L. Rev. 133 (1961). The ambiguous and doubtful of the admissibility of evidence, the determation involves no greater difficulty than many other preliminary question of fact. Maguire, The Hearsay System: Around and Through the Thicket, 14 Vand. L. Rev. 741, 765-767 (1961). The Defendant attorney, Jerry Pratt exposed the State's witness serval time under oath in misconduct of statement given in there testimony. There have been other errors that I've found and more still to collect in my transcript.

Franks v. Delaware

In a motion to suppress on the 14th Amendment were the officer false statement knowingly and intentionally, or reckless disregard for the truth, was included by the affiant in a warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause the 4th Amendment, as incorporated in the 14th Amendment require that a hearing be held, called Franks Hearing. My lawyer should've ask for a hearing because of the Affidavit of Probable Cause, was so weak because of the unrecorded and false statement given by Officer Stroman, to obtain the warrant. Probable Cause was lacking on the

face of the <u>Affidavit of Arrest</u>. There was also illegal search which lead to picture taken that should'not been used in the trial at all. The warrant that was issued was issued after the fact that the Defendant was already illegally arrested, and the officer told the magistrate about a false recorded statement of the Defendant admitting to the crime. This is enough evidence to show a violation of the 4th and 14th Amendment. The magistrate is who must determine independently <u>whether there is probable cause</u> <u>Johnson v. United States 333 US 10, 13-14 (1948) Jones v. United States 362 US, 257, 270-271 (1960)</u> it would be an unthinkable imposition upon his authority if a warrant affidavit revealed after the fact to contain a deliberately or recklessly false statement were to stand beyond impeachment. <u>See Stone v. Powel 428. Us. 465 (1971)</u> Respondent argue that applying the exclusionary rule to another situation, the deterrence of deliberate or reckless untruthfulness in a warrant affidavit is not justified for many of the same reasons that led to the above restriction; interfering with a criminal conviction in order to deter official misconduct is a burden too great to impose on society. Applying the exclusionary rule to attack upon veracity would weed out a minimal number of perjuries, but would overlap unnecessarily with existing penalties against perjury including criminal prosection, departmental discipline for misconduct, and civil action. The incremental gain from a post-search adversary proceeding, it is said would not be great. Denigration of the magistrate's function would be imprudent insofar as his scrutiny is a last bulwark preventing any particular invasion of privacy before it happen or false statement. Permitting <u>a post search evidentiary hearing</u> on issue of veracity would confuse the pressing issue of guilt or innocense with the collateral questions as to whether there had been official misconduct in the drafting of the affidavit. The post-search veracity challenge is inappropriate because the accuracy of an affidavit in large part is beyond the control of the affiant. An affidavit may properly be based on <u>hear-say</u>, on fleeting observations. A flat ban on

impeachment of veracity could denude the probable cause requirements of all real meaning. The requirement that warrant not issue would be reduced to a nullity, if a police officer was able to use deliberately falsified allegation to demonstrate probable cause, and having mislead the magistrate. It is this specter of intentional falsification that, has revoked such widespread opposition to the flat non impeach rule from the commentators, from the American Law Institute in it's Model Code of Pre Arraignment Procedure ss 290.3(1) (Prop. off Daft 1975.) An instance of deliberate falsity will be exposed and confirmed without a special inquiry either at trial, See United States rev rel Petillo v. New Jersey, 400 F. Supp. 1152, 1171-1173 (NJ 1975), vacated and remanded by order sub nom Albanese v. Yeager, 541 F. 2d 275 (CA3 1976), or at a hearing on the sufficiency of the affidavit, cf. United States v. Upshaw, 448 F 2d 1218, 1221-1222 [ 438 US 154, 169 ](ca5 1971). A flat nonimpeachment rule would bar reexamination of the warrant, even in these cases. By all that has been said all the content is insufficient, the defendant is entitled, under The 4th and 14th Amendment to his hearing. Impeaching the Credibility of Affidavits of Probable Cause, possibility of Police Perjury, 1971 U. Ill. The Constitutional Right to Challenge the Content of Probable Cause Warrant Issued Under the 4th Amendment, 34 Ohio St. LJ. 297, 306, 308, 340 (1973) Sevilla, The Exclusionary Rule and Police Perjury, 11 San Diego L. Rev. 839 869 (1974); Herman, Warrants for Arrest of Search: Impeaching the Allegation of Facially Sufficient Affidavit, 36 Ohio St. L.J. 721, 738-739, 750 (1975); Note, 15 Buff L. Rev. 712, 716-717 (1966); Note, 67 Colum. L. Rev. 1529, 1530-1531 (1967); Comment, 19 ucla L. Rev. 96, 108, 146 (1971) Comment, 63 J. Crim L., C+P.S. 41, 48, 50 (1972); Note, 23 Drake L. Rev. 623, 638-639 (1974); Comment, 7 Seton Hall L. Rev 827 859-860 (1976). Since the officer never obtained a search warrant, the privacy interest protected by the 4th and 14th Amendment has been breached, a subsequent determination that it was wrongfully breached cannot possibly restore the privacy interest. See United States v. Calandra, 414 US 338 (1974). Since the

evidence obtained pursuant to the search is by hypothesis of falsified testimony on the part of affiant is in violation of his right and made a different in the outcome of the decision. See United States v. Peltier, 422 U.S. 531 (1975) The only conceivable harm done by such evidence is to the accused's rights under The Fourth and Fourteenth Amendment.

Prayer

I Desmond Woods pray that the Court of Appeal find the Defendant not guilty and render a reverse on both convictions and issue a Judgement of acquittal.

Respectfully Submitted

Desmond Woods

Desmond Woods, Appelant.

⑧

Desmond Woods #1996056
1500 East Langdon Rd
Dallas Tx 75241

HUTCHINS STATE JAIL

Legal Mail

Chief Justice John R Morriss III
Justices Bailey C. Moseley
Justices Ralph K. Burgess
Bi-State Justice Building
100 North Sate Line Ave #20
Texarkana Tx 75501